UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                            Case No. 17-56871

TERRY DESHAWN LONG, *pro se*,                  Chapter 7

                Debtor.                                   Judge Thomas J. Tucker
_____/

**ORDER DISAPPROVING REAFFIRMATION AGREEMENT**

      This case is before the Court on the Reaffirmation Agreement, filed on May 23, 2018 (Docket # 26, the "Reaffirmation Agreement"), between the Debtor and Ford Motor Credit Company, LLC ("Ford Motor Credit"). The Court must disapprove the Reaffirmation Agreement for the following reasons.

      On December 8, 2017, the Debtor filed a voluntary petition for relief under Chapter 7, commencing this case. On May 21, 2018, at 9:46 a.m., the Court entered an order granting the Debtor a discharge under 11 U.S.C. § 727 (Docket # 25). Two days later, on May 23, 2018, creditor Ford Motor Credit filed the Reaffirmation Agreement (Docket # 26). The bankruptcy case was closed on May 24, 2018.

      Under 11 U.S.C. § 524(c)(1), a reaffirmation agreement is not enforceable unless it "was made before the granting of the discharge under section 727." *See also In re Herrera*, 380 B.R. 446, 449-55 (Bankr. W.D. Texas 2007) and cases cited therein. A reaffirmation agreement must be in writing and signed by both the creditor and the debtor before it can be deemed to be made. *In re Hoffman*, 582 B.R. 181, 183 (Bankr. E.D. Mich. 2018); *In re Jenerette*, 558 B.R. 189, 190-91 (Bankr. E.D. Mich. 2016). Because the Reaffirmation Agreement does not show that it was made (*i.e.*, signed by both the Debtor and the creditor Ford Motor Credit) before the discharge order was entered in this case,[1] the Court must conclude that the Reaffirmation Agreement is not enforceable.

      Accordingly,

      IT IS ORDERED that the Reaffirmation Agreement (Docket # 26) is disapproved as unenforceable under 11 U.S.C. § 524(c)(1).

---

      [1] Page 4 of the Reaffirmation Agreement indicates that Ford Motor Credit signed the Reaffirmation on May 21, 2018, the same date that the Debtor was granted a discharge. The Motion does not state or indicate in any way that Ford Motor Credit signed the Reaffirmation Agreement before 9:46 a.m. on May 21, 2018, when the discharge order was entered. The Motion therefore does not demonstrate that the Reaffirmation Agreement was "made before the granting of the discharge under section 727."

**Signed on May 25, 2018**



/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge